# GENERAL COURT OF VIRGINIA.

## NOVEMBER, 1813.

*The People*
vs.
*John Edloe Thompson.*

} MALICIOUS STABBING.

At the Superior Court of Law held for Surry county, on the 29th September, 1812, an indictment was found against the prisoner, in which he was charged with the malicious stabbing of Joseph Warren. He was arraigned, and pleaded, and put on his trial, and the jury, after hearing the evidence and the arguments, retired to consult on their verdict. On the 6th of October, during the same term, the jury not having agreed on their verdict, the prisoner was, on his motion, admitted to give bail for his appearance on the first day of next court.

At the April Term the prisoner appeared in court in discharge of his recognizance, and moved the court that he should be discharged from the prosecution, alleging that he had been arraigned at the last Superior Court of Law, held for the county of Surry, for the same offence, and that a jury had been empannelled to pass between the said prisoner and the Commonwealth, and had been charged with his case; that the jury had retired to con-

*Jury—discharge of in criminal cases. See ante, Vol. 1, p. 474.*

VIRGINIA,
Nov. 1813.

Com'wealth
v.
Thompson.

sult of their verdict; and not agreeing, were confined du-
ring the full legal term of said court; that the said jury
did not render any verdict in the case, but separated on
the adjournment of the court, at the end of the term.
Whereupon the court adjourned the decision of the ques-
tion arising on the motion, with the consent of the priso-
ner, to the general court.

This case was decided November 11, 1813, by the Gen-
eral Court; present Judges White, Stewart, Brockenbrough,
Allen, Dabney, Daniel, Randolph, and Dade, and the fol-
lowing judgment was given.

"It not appearing from the record of the proceedings in
this case, that the said Superior Court made any order
discharging the jury of the said John Edloe Thompson's
case, after it had been charged with it; but on the con-
trary, it appearing from the said record, that upon the
adjournment of the Superior Court, at the end of the term,
the members of the said jury were necessarily separated,
and its capacities and legal existence destroyed by opera-
tion of law. It is therefore unanimously decided by this
court, that the said John Edloe Thompson ought not to be
discharged from farther prosecution on the indictment in
the said adjourned case mentioned, notwithstanding at a
Superior Court of law held at a former term, he had been
arraigned upon the said indictment; notwithstanding at
the same court a jury was empannelled to pass between
him and the Commonwealth, and charged with his case,
and retired to consult of their verdict; and not agree-
ing, were confined the full legal term of the said court,
and did not render any verdict in the said case, but sepa-
rated on the adjournment of the court, at the end of the
term."

Parker's case.    The jury may be discharged at any time *during the*

*term* as appears by the case of the Commonwealth v. Mial Parker, Warren Parker, Margaret Burns, and Nancy Nute, for the murder of Francis L. Lloyd ; Middlesex (Mass.) before the Hon. Chief Justice Parker. The prisoners were charged with the murder of Lloyd, and were tried in Middlesex, in April, 1824. The cause, after a lucid and impartial charge by the Chief Justice, was committed to the jury about four o'clock on *Tuesday* afternoon, who having remained together till nine o'clock on *Wednesday* morning, and having gone twice into court for farther advice and direction in matters of law, came into court and declared that it was impossible for them to agree upon a verdict, and they were thereupon discharged, and the prisoners remanded for a new trial.

And also the case of Joseph Perez, who was indicted for piracy, in the Circuit Court of the United States, September term, 1823, before the Hon. Justice Thompson. (Ante, p. 100.) In this case, the jury were out but about four hours. They came into court and received instructions upon points of law, and again retired and came in again, and said they were equally divided, and could never agree, and were discharged by Justice Thompson, A motion was made to discharge the prisoner. The case was carried up to the Supreme Court and argued, and the court decided Perez should be tried again. He was tried April Term, 1824, before the Hon. Smith Thompson, and convicted.

See also, Haskill and Franshaw's case, Circuit Court U. S. October, 1823, (Philadelphia,) before the Hon. Bushrod Washington, (ante, p. 101, 102.) In this case, a juror had become insane from exhaustion. The jury were discharged, and the counsel for the prisoners pray-

ed a discharge on the constitutional provision that no man shall be twice put in jeopardy for the same cause. The court decided they had a sound discretion to discharge a jury, it being essential for the due administration of justice.

If a *juror* be taken ill during a trial for a felony, the jury may be discharged by the court, and the prisoner be tried by another jury. Leach, 706.

If a *prisoner* be taken suddenly ill during the trial, the jury may be discharged from the trial of that indictment, and the prisoner on his recovery may be tried on the same indictment, by another jury. Leach, 618.

The court have a discretion to discharge a jury in a criminal case, capital or otherwise, whenever it is necessary to the administration of justice. 2 Gallison, 464. 2 John's Cases, 275.

In Borden's case, 9 Mass. Rep. 494. a juror was withdrawn, and the jury dismissed, after they had been out a long time ; and on returning into court, said it was not possible they could ever agree. Borden was afterwards tried and convicted, and the conviction was held good.

The court may, in their discretion, discharge a jury in a criminal case, who are unable to agree on a verdict, and against the consent of the prisoner, who may be brought to trial a second time for the same offence. 2 Johns. Cas. 301.